Marijan S Hucke (4615654)
cases@huckesanker.com
HUCKE & SANKER PLLC
43 West 43rd Street, Suite 363
New York, NY 10036-7424
Telephone: (201) 228-0455
Facsimile: (646) 396-0411
*Attorneys for Plaintiff*
*Emoji company GmbH*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| emoji company GmbH<br>*Plaintiff*<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A<br>*Defendants* | **CIVIL ACTION No.**<br>**25-cv-07516-DLC** |

**PRELIMINARY INJUNCTION ORDER**

1

**DEFINITIONS**

1. "Schedule A Defendants" shall mean and refer to the Defendants identified in Schedule A to the Complaint.
2. "EMOJI Products" shall mean and refer a wide variety of consumer products created via an extensive worldwide licensing program including but not limited to toys, stationary, household products, apparel, food and beverage, personal care, home goods, novelties, entertainment products, associated with and/or related to the EMOJI Content.
3. "Amazon" shall mean and refer to the Amazon.com Marketplace, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that enables manufacturers and third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship retail products – primarily originating from China – directly to global consumers, including those in the U.S., and specifically in New York.
4. "Counterfeit Products" shall mean products bearing or used in connection with the EMOJI Marks, and/or products in packaging and/or containing labels bearing the EMOJI Marks, and/or bearing or used in connection with marks that are confusingly and/or substantially similar to the EMOJI Marks, and/or products that are identical or confusingly similar to the EMOJI Products.
5. "User Accounts" shall mean and refer to any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.
6. "Financial Institutions" shall mean and refer to Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and Airwallex (Hong Kong) Limited ("Airwallex").
7. "Financial Accounts" shall mean and refer to any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Internet Storefront(s) (whether said account is located in the U.S. or abroad).
8. "Merchant or Internet Storefronts" shall mean and refer to any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.
9. "Third Party Service Providers" shall mean and refer to online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees,

2

agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise.

10. "Online Marketplace Accounts" shall mean and refer to those online marketplace accounts identified in Schedule A to the Complaint and attached hereto.

11. "Plaintiff's Marks" or "EMOJI Marks" shall mean and refer to U.S. trademark Registration Nos. 4,595,110, 4,868,832, 4,893,876 5,202,078, 5,365,487, 5,415,510 5,343,650, 5,357,376, 5,643,568, 5,700,040 6,564,606, 7,527,202, 7,701,147, 7,482,133, 7,618,961, 7,618,977, 7,605,522, 7,605,527, 7,605,533, 7,584,604, 7,605,502, 7,520,579, 7,605,521, 7,482,143, 7,562,937, 7,458,125, 7,692,431, 7,562,936, 5,073,890, 4,766,492, 7,058,206, 7,562,925, 7,618,962, 7,605,520, 7,605,525, 7,605,526, 7,658,073, 7,701,146, 7,562,935, 5,706,477, and 5,778,247 for the EMOJI mark registered with the United States Patent and Trademark Office on the Principal Register.

12. "Defendants' Assets" shall mean and refer to any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad).

13. "Newly-Detected Infringing Platforms" shall mean and refer to Any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

WHERAS, Plaintiff having moved *ex parte* on September 10, 2025 against Schedule A Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Schedule A Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on September 19, 2025 ("TRO") which ordered Schedule A Defendants to appear on October 24, 2025 at 11:00 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on October 9, 2025, Plaintiff filed a letter motion to the Court requesting a modification and extension of the TRO, and on, October 10, 2025, the Court granted Plaintiff's request which, *inter alia*, adjourned the Show Cause Hearing to October 31, 2025 at 11:00 a.m. ("October 10, 2025 Order");

WHEREAS, on October 24, 2025 pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application as well as the October 10, 2025 Order on the following Schedule A Defendants: Avgiedy Direct, BJT_CUSTOMERSERVICE, BUYNEED, cagesmoke, Chenguangpeide, Cuxnoo, DD PETS, Domthent, Eonenomi, FANOST, Fuerxy, Godor, guizhounongxiangshangmaoyouxiangongsi, HDSX, HinewGMBH, hlgff, Hokant Official, Holiday&Stella, hui an han guang mao yi you xian gong si, JANKINGS, kustte, liqiuhaodedian, Maxpetus, MEHOTOP, MLOLM Direct US, TKten, Nandehutu E-Commerce Co.,Ltd, Patmoses, povtii, QingSheng NET, quanzhouhaizuo, SDPMDI, Shakas-Auto-US, Zeety, SuperDope, TMKCW, Toptimy, TOWNSKYY, UFRITAN, USA Annabel, xuesongchengzhe, Xiangchengshibuyanshangmaoyouxiangongsi, xiangtanyiermeidianzikejiyouxiangongsi,

4

GUANYUKEJI, xmzhenghong, YC-Studio-US, Youngher, zatosi, Mustiger, Zzkol, Taiyuan Shi Mi Ge Dianzi Shangwu Youxian Gongsi , xusaichao, UOQFHHM, zaocai, YHYYHY, caijiuzhixiaodian, guanhefang, Eki-Shoal, XJ DQ, precisioncraft, SAILOR-L, RUNRAYAY US, CalmiDirect, chenshuiting, Vermeye, BOXIMIAO, wangxunaxiaodian, Miaocheng Liu, Falytemow, Dalekana Store, AC Outfitters, JJIWE, z-john, liqiq, XingQiuMaoYi, populus, shenzhengaohuikejiyouxiangongsi, LaLa Stars, luxavella, xionghuijunbaihuo, OZAON, zhuoYouShop, asdasd232111, hangzhoutaozhugongjiancaiyouxiangongsi, LULAOLIU, LINSEN, SUNURS, NBONEG, Nruzraum, let's party-US, XIAMOOR-US, Jmanuk, Duludulu, JJHWHWJYB, RYUITHDJP, Guxianyonglexiangzhujiayaocunxuejunmenshibu, LONGLONGAGO Boutique, Ziod, telixin, AsdgyHugdX, baochaojundedian, CDSASHCA, JUJUBANG, Affascinantedesign.

WHEREAS, on October 26, 2025 pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application as well as the October 10, 2025 Order on Schedule A Defendant Agantree art.

WHEREAS, between September 30, 2025 and October 30, 2025, the Court granted the Plaintiff's application for voluntary dismissal of the following Schedule A Defendants: evzinc, Gelrova, Harewu, Pau657Maria, pinposni, QAAQS Cookie Cutters, Ruko, Livveike, HoYoverse Store, Maxpetus, Lala Stars, LULAOLIU, Let's party US, Agantree art, zhuoYouShop, ZEETY, and Duludulu.

WHEREAS, Plaintiff seeks preliminary injunction against the following remaining Schedule A Defendants: Avgiedy Direct, BJT_CUSTOMERSERVICE, BUYNEED, cagesmoke, Chenguangpeide, Cuxnoo, DD PETS, Domthent, Eonenomi, FANOST, Fuerxy, Godor, guizhounongxiangshangmaoyouxiangongsi, HDSX, HinewGMBH, hlgff, Hokant Official,

Holiday&Stella, hui an han guang mao yi you xian gong si, JANKINGS, kustte, liqiuhaodedian, MEHOTOP, MLOLM Direct US, TKten, Nandehutu E-Commerce Co.,Ltd, Patmoses, povtii, QingSheng NET, quanzhouhaizuo, SDPMDI, Shakas-Auto-US, SuperDope, TMKCW, Toptimy, TOWNSKYY, UFRITAN, USA Annabel, xuesongchengzhe, Xiangchengshibuyanshangmaoyouxiangongsi, xiangtanyiermeidianzikejiyouxiangongsi, GUANYUKEJI, xmzhenghong, YC-Studio-US, Youngher, zatosi, Mustiger, Zzkol, Taiyuan Shi Mi Ge Dianzi Shangwu Youxian Gongsi , xusaichao, UOQFHHM, zaocai, YHYYHY, caijiuzhixiaodian, guanhefang, Eki-Shoal, XJ DQ, precisioncraft, SAILOR-L, RUNRAYAY US, CalmiDirect, chenshuiting, Vermeye, BOXIMIAO, wangxunaxiaodian, Miaocheng Liu, Falytemow, Dalekana Store, AC Outfitters, JJIWE, z-john, liqiq, XingQiuMaoYi, populus, shenzhengaohuikejiyouxiangongsi, luxavella, xionghuijunbaihuo, OZAON, asdasd232111, hangzhoutaozhugongjiancaiyouxiangongsi, LINSEN, SUNURS, NBONEG, Nruzraum, XIAMOOR-US, Jmanuk, JJHWHWJYB, RYUITHDJP, Guxianyonglexiangzhujiayaocunxuejunmenshibu, LONGLONGAGO Boutique, Ziod, telixin, AsdgyHugdX, baochaojundedian, CDSASHCA, JUJUBANG, Affascinantedesign (hereinafter "Defendants").

WHEREAS, on October 31, 2025 at 11:00 a.m., Plaintiff appeared at the Show Cause Hearing, however, none of the Defendants appeared.

**<u>ORDER</u>**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

a. Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

　　i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the EMOJI Marks and/or marks that are confusingly to, identical to and constitute a counterfeiting or infringement of the EMOJI Marks;

　　ii. directly or indirectly infringing in any manner Plaintiff's EMOJI Marks;

　　iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's EMOJI Marks to identify any goods or services not authorized by Plaintiff;

　　iv. using Plaintiff's EMOJI Marks or any other marks that are confusingly to the EMOJI Marks, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

　　v. operation of Defendants' User Accounts and Defendants' Internet Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Internet Storefronts in violation of this Order;

　　vi. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive

        members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by Plaintiff;

  vii.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' User Accounts or Internet Storefronts, Defendants' Assets from or to Defendants' Financial Accounts and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

  viii.  effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Order;

  ix.  knowingly instructing any other person or entity to engage or perform any of the activities referred to in subparagraphs 1(a)(i) through (ix) above and 1(b) and (c) below;

b. Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including online marketplace platforms, including, without limitation, those operated, directly and indirectly by

Amazon ("Third Party Service Providers") and payment processors or Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoyed from engaging in secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

    c. Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

        ii. instructing, aiding or abetting Defendants and/or any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii), 1(b) through 1(c)(i) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a. within five (5) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, and pursuant to FRCP 4(f) and Articles 1 and 15 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), service may be made on, and shall be deemed effective as to all Defendants – for purposes this preliminary injunction order only – if it is completed by the following means:

   a. delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through notification.huckesanker.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses as identified by Amazon Marketplace pursuant to Paragraph V(3) of the TRO. If an address other than as identified by Amazon Marketplace is used by the Plaintiff to deliver this Order and the link, the Plaintiff shall file notice with the Court within three days of using that alternative email address.

4. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

5. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

6. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

7. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

8. Plaintiff shall submit a status update and proposed next steps letter by no later than January 5, 2026 and every two months thereafter until the Court orders otherwise.

**SO ORDERED.**

DATED this 31st day of October, 2025, at 12:50 p.m.

_____
HON. DENISE COTE
UNITED STATES DISTRICT JUDGE