Marijan S Hucke (4615654)
cases@huckesanker.com
HUCKE & SANKER PLLC
43 West 43rd Street, Suite 363
New York, NY 10036-7424
Telephone: (201) 228-0455
Facsimile: (646) 396-0411
*Attorneys for Plaintiff*
*Emoji company GmbH*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| emoji company GmbH<br>*Plaintiff*<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A<br>*Defendants* | **CIVIL ACTION No.**<br>**25-cv-07516-(DLC)** |

[PROPOSED] a FINAL DEFAULT JUDGMENT AND PERMANENT
INJUNCTION ORDER

1

**DEFINITIONS**

1. "Defaulting Defendants" shall mean and refers to BUYNEED, Chenguangpeide, Cuxnoo, Domthent, guizhounongxiangshangmaoyouxiangongsi, Hokant Official, Holiday&Stella, JANKINGS, kustte, liqiuhaodedian, MEHOTOP, TKten, quanzhouhaizuo, SDPMDI, SuperDope, xuesongchengzhe, Xiangchengshibuyanshangmaoyouxiangongsi, GUANYUKEJI, xmzhenghong, Mustiger, xusaichao, caijiuzhixiaodian, XJ DQ, precisioncraft, Vermeye, wangxunaxiaodian, Miaocheng Liu, AC Outfitters, JJIWE, z-john, populus, xionghuijunbaihuo, OZAON, asdasd232111, NBONEG, Nruzraum, XIAMOOR-US, JJHWHWJYB, RYUITHDJP, Guxianyonglexiangzhujiayaocunxuejunmenshibu, telixin, AsdgyHugdX, baochaojundedian, JUJUBANG, Affascinantedesign.
2. "EMOJI Products" shall mean and refer a wide variety of consumer products created via an extensive worldwide licensing program including but not limited to toys, stationary, household products, apparel, food and beverage, personal care, home goods, novelties, entertainment products, associated with and/or related to the EMOJI Content.
3. "Amazon" shall mean and refer to the Amazon.com Marketplace, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that enables manufacturers and third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship retail products – primarily originating from China – directly to global consumers, including those in the U.S., and specifically in New York.
4. "Counterfeit Products" shall mean products bearing or used in connection with the EMOJI Marks, and/or products in packaging and/or containing labels bearing the EMOJI Marks, and/or bearing or used in connection with marks that are confusingly and/or substantially similar to the EMOJI Marks, and/or products that are identical or confusingly similar to the EMOJI Products.
5. "User Accounts" shall mean and refer to any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.
6. "Financial Institutions" shall mean and refer to Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and Airwallex (Hong Kong) Limited ("Airwallex").
7. "Financial Accounts" shall mean and refer to any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Internet Storefront(s) (whether said account is located in the U.S. or abroad).
8. "Merchant or Internet Storefronts" shall mean and refer to any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all

persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

9. "Third Party Service Providers" shall mean and refer to online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise.

10. "Online Marketplace Accounts" shall mean and refer to those online marketplace accounts identified in Schedule A to the Complaint and attached hereto.

11. "Plaintiff's Marks" or "EMOJI Marks" shall mean and refer to U.S. trademark Registration Nos. 4,595,110, 4,868,832, 4,893,876 5,202,078, 5,365,487, 5,415,510 5,343,650, 5,357,376, 5,643,568, 5,700,040 6,564,606, 7,527,202, 7,701,147, 7,482,133, 7,618,961, 7,618,977, 7,605,522, 7,605,527, 7,605,533, 7,584,604, 7,605,502, 7,520,579, 7,605,521, 7,482,143, 7,562,937, 7,458,125, 7,692,431, 7,562,936, 5,073,890, 4,766,492, 7,058,206, 7,562,925, 7,618,962, 7,605,520, 7,605,525, 7,605,526, 7,658,073, 7,701,146, 7,562,935, 5,706,477, and 5,778,247 for the EMOJI mark registered with the United States Patent and Trademark Office on the Principal Register.

12. "Defendants' Assets" shall mean and refer to any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad).

13. "Newly-Detected Infringing Platforms" shall mean and refer to Any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's EMOJI Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.

The Court, having considered the Memorandum of Law and Affidavit of Marijan Stephan Hucke in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed by the Defaulting Defendants in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defaulting Defendants' Liability

Judgment is granted in favor of Plaintiff for the First and Second Causes of Action pleaded against Defaulting Defendants in the Complaint; the Third, Fourth, Fifth and Sixth Causes of Action are dismissed against Defaulting Defendants with prejudice;

## II. Damages Awards

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages

award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Fifty Thousand U.S. Dollars ($50,000.000) in statutory damages against the following forty-five (45) Defaulting Defendants: BUYNEED, Chenguangpeide, Cuxnoo, Domthent, guizhounongxiangshangmaoyouxiangongsi, Hokant Official, Holiday&Stella, JANKINGS, kustte, liqiuhaodedian, MEHOTOP, TKten, quanzhouhaizuo, SDPMDI, SuperDope, xuesongchengzhe, Xiangchengshibuyanshangmaoyouxiangongsi, GUANYUKEJI, xmzhenghong, Mustiger, xusaichao, caijiuzhixiaodian, XJ DQ, precisioncraft, Vermeye, wangxunaxiaodian, Miaocheng Liu, AC Outfitters, JJIWE, z-john, populus, xionghuijunbaihuo, OZAON, asdasd232111, NBONEG, Nruzraum, XIAMOOR-US, JJHWHWJYB, RYUITHDJP, Guxianyonglexiangzhujiayaocunxuejunmenshibu, telixin, AsdgyHugdX, baochaojundedian, JUJUBANG, Affascinantedesign pursuant to 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

### III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   a) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the EMOJI Marks and/or

marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the EMOJI Marks;

b) operation of Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts in violation of this Order;

c) directly or indirectly infringing in any manner Plaintiff's EMOJI Marks;

d) using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's EMOJI Marks to identify any goods or services not authorized by Plaintiff;

e) using Plaintiff's EMOJI Marks and/or any other marks that are confusingly similar to the EMOJI Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

f) using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities and Plaintiff

    g) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defaulting Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

    h) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation exportation, advertising, marketing, promotion, distribution, displaying, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiff's EMOJI Marks or bear any marks that are confusingly similar to the EMOJI Marks pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

    a) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendants' Assets from or to Defaulting Defendants' Financial Accounts.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers who satisfy those requirements and are identified in this order are permanently enjoined and restrained from:

    a) operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

    b) instructing, aiding or abetting Defaulting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(a) through III(1)(g), III(3)(a) and III(4)(a) above.

### IV. Dissolution of Rule 62(a) Stay

IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V. Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Hucke Sanker PLLC, 43 West 43rd Street, Suite 363, New York, NY 10036-7424; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 5th day of December, 2025, at _____ a.m./p.m.

_____
HON. DENISE L. COTE
UNITED STATES DISTRICT JUDGE